GRIFFIS, J.,
dissenting:
¶ 21. I must respectfully dissent from the majority’s decision to reverse the judgment of the circuit court and reinstate the order of the administrative law judge. I *1064 do not agree with the majority's conclusion that the Commission applied an incorrect legal standard. Thus, in accordance with this Court’s extremely limited scope of review, I would affirm the circuit court’s judgment.
¶ 22. The majority holds that the Commission erred as a matter of law by not employing the proper legal standard because it “made no findings regarding whether Lott had made a prima facie case of total disability and whether her employer had met its burden in showing her efforts were unreasonable.” I find this conclusion to be in error because the Commission did find that Lott failed to prove a loss of wage-earning capacity; thus, her burden of showing a prima facie case of total disability was not met.
¶ 23. “Whether the claimant has made out a prima facie case is a question to be decided by the trier of facts on the evidence presented.” Thompson v. Wells-Lamont Corp., 362 So.2d 638, 641 (Miss.1978). In other words, “a Commission[’s] determination of disability constitutes a finding of fact.” Georgia Pacific Corp. v. Taplin, 586 So.2d 823, 828 (Miss.1991). Therefore, the decision of whether Lott put forth a prima facie showing of permanent total disability was an issue to be determined exclusively by the Commission. Here, the Commission clearly held that, based on the entirety of the evidence, it was “unable to conclude that Ms. Lott is permanently and totally disabled as the result of the injury to her right arm.”
¶ 24. It is true that a claimant may establish a prima facie case by showing that, despite a reasonable job search, she is unable to find the same or similar employment. Pontotoc Wire Prods. Co. v. Ferguson, 384 So.2d 601, 603 (Miss.1980) (citation omitted). However, the supreme court has held that “[a] conclusion that the employee is disabled rests on a finding that the claimant could not obtain work in similar or other jobs and that the claimant’s unemployability was due to the injury in question.” Taplin, 586 So.2d at 828 (emphasis added).
¶ 25. Here, it is evident that Lott conducted an extensive and reasonable search for other employment. Despite 194 separate applications or inquiries about positions, she was unable to find work. However, the Commission, in its role as fact-finder, found that Lott’s failure to secure employment was unrelated to her injury. Moreover, there is substantial evidence in the record to support this finding. Dr. Bennett released Lott without any work restrictions. After Lott’s most recent FCE, following physical therapy, the only limitation imposed is that Lott could no longer lift 100 pounds. Instead, she was restricted to a sixty-pound maximum.
¶ 26. The Commission concluded that Lott was unable to find employment due “to the depressed economic conditions in the area where she lives, and not to the injury itself.” This conclusion was based on substantial evidence presented by Lott’s expert who testified that the unemployment rate in Lott’s county of residence was higher than the state average and that Lott’s inability to find work was limited as much by the local economy as by her injury.
¶27. As the majority states, “[wjhere an employee suffers an injury covered by the schedule in [sjection 71-3-17(c) and ivhere that injury results in a permanent loss of wage[-]earning capacity within [s]ection 71-3-17(a), the latter section controls exclusively and the employee is not limited to the number of weeks of compensation prescribed in [sjection 71-3-17(c)’s schedule.” Smith v. Jackson Constr. Co., 607 So.2d 1119, 1128 (Miss.1992) (emphasis added). It is the Commission that weighs the factors to determine a loss of wage-earning capacity-the amount of education *1065 and training the claimant has, the inability to work, the failure to be hired elsewhere, the continuance of pain, and other related circumstances. Alumax Extrusions Inc. v. Wright, 737 So.2d 416, 422(¶ 16) (Miss. Ct.App.1998). Here, the Commission weighed the evidence before it and determined that Lott was not permanently and totally disabled as a result of the injury to her right arm. Further, the Commission found that “the medical, vocational and other evidence does not convince us that [Lott] is totally unable to earn wages as a result of the injury”; therefore, Lott did not prove a permanent loss of wage-earning capacity as required to receive more than the scheduled number of weeks of compensation set forth in section 71-3-17(c).
¶28. I find that there was more than enough substantial evidence to support the Commission’s finding that Lott did not establish a prima facie case of permanent total disability due to her injury. As such, I would affirm the circuit court’s judgment upholding the decision of the Commission.
CHANDLER, ISHEE AND ROBERTS, JJ., JOIN THIS SEPARATE OPINION.